[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11954
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-23324-CV-JLK

GUSTAVO B. SAMPAIO,

Plaintiff-Appellant,

versus

CLIENT SERVICES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 7, 2009)

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Appellant makes two arguments on appeal. First, appellant argues that the

District Court's dismissal of his case might be considered an acceptance by

appellant of appellee's offer of judgment. Appellant objects to that because the offer apparently purported to include a release of unknown parties. With respect to the first argument, we do not construe the district court's dismissal of the case as encompassing any order that appellee's offer of judgment was deemed accepted. Rather, we construe the district court's judgment as acknowledging that appellee had agreed to pay appellant $1,001 plus appellant's reasonable attorney's fees and costs up to the date of the offer of judgment, that same was the maximum recovery to which appellant was entitled, and that there was no longer a live case or controversy. In other words, appellant's concern in its first argument is resolved, because appellant is not deemed to have accepted appellee's offer of judgment.

Appellant's second argument challenges the validity of the offer of judgment because it was faxed rather than mailed. We doubt the argument has merit, but in any event, the issue is moot. Appellant is entitled to be paid $1,001 plus reasonable attorney's fees and costs up to the date of the offer – the maximum to which appellant could have been entitled – and details with respect to the offer of judgment are not material.

The judgment of the district court is affirmed.[1]

AFFIRMED.

---

[1] Neither party shall be entitled to recover from the other any attorney's fees on this appeal, and each party shall bear its own costs.